## CIRCUIT COURT OF THE CITY OF RICHMOND

Crestar Bank et al., etc.
with James A. Linen, IV

v.

Diane Linen Powell, etc.,
James A. Linen, V,
Barry W. Linen,
and Stephen S. Linen

February 1, 1996

Case No. HG-576-3

BY JUDGE T. J. MARKOW

This matter is before the court on the plaintiff-trustee's Bill of Complaint requesting this court's aid and guidance in determining whether a cash receipt is principal or income.

Plaintiffs and defendant Powell are trustees of a marital trust which holds 75% of the stock of Des Plaines Publishing Company. Powell is also the income beneficiary of the trust.

In October, 1994, Des Plaines sold all of the assets of its newspaper division for $1,400,000, $50,000 of which was allocated to a noncompetition provision, the balance to the newspaper division's assets. After paying that division's trade receivables and a corporate loan, Des Plaines' directors distributed to the marital trust $531,074.30 as its *pro rata* share of the sale proceeds. The plaintiff trustees, on advice of counsel, wish to categorize these proceeds as principal; Powell, on advice of her counsel, insists on distribution to her as income. She also requests her attorney's fees incurred in this proceeding and that any taxes assessed against her on account of the subchapter S status of the trust be paid by the trust.

### Are the Proceeds Income or Principal?

The characterization of the proceeds is governed by Article 1 of Chapter 15 of Title 55 of the Code, the "Uniform Principal and Income Act." Va. Code Ann. §§ 55-253 to 55-268.

"Principal" is defined as:

> personalty which has been so set aside or limited by the owner . . . that it and any substitutions for it are eventually to be conveyed, delivered or paid to a person, while the return therefrom or use thereof or any part of such return or use is in the meantime to be taken or received by or held for accumulation for the same or another person.
>
> "Income" . . . means the return from principal.

Va. Code Ann. § 55-253.

The sales proceeds here were not derived from the "return" on or "use" of principal but rather on its liquidation. The principal asset; i.e., the newspaper division, was converted from a newspaper business to cash. The fact that only a portion of the assets of Des Plaines Publishing Company were sold should not affect the character of the proceeds.

Both plaintiffs and Powell agree that Va. Code Ann. § 55-257(3) determines the issue. They disagree, however, on its interpretation. It provides "When *the assets* of a corporation are liquidated . . . amounts paid upon corporate shares on disbursement of the corporate assets to the stockholders shall be deemed principal." (Emphasis added.)

Powell argues that the statute uses the words "the assets" to describe when proceeds shall be principal. Because the word "assets" is modified by "the" Powell argues that the legislature means "all the" assets. Her contention is that only a total liquidation results in principal; a partial liquidation of a principal asset converts the principal asset to income. She also argues that if the distribution was a cash dividend it is, therefore, income. If not a dividend, it is principal. The record is silent on how the directors characterized the distribution.

The court does not believe that a determination whether the distribution is characterized as a dividend is significant. Section 55-257(3) states unambiguously that liquidation of the assets does not change principal into income. There is no reference to all or part of the assets. Any liquidation of principal results in the generating of principal, not income. This conclusion is supported by the definitions of "income" and "principal" in § 55-253 of the Code, each of which describes income as the result of the

*use* of principal, not its *disposition* or its liquidation. This partial liquidation did not change a principal to income.

The proceeds here are principal and not income.

*Is Powell Entitled to Have Her Attorney's Fees Incurred in This Action Paid From Principal?*

Plaintiff and the remaindermen argue that Powell is not entitled to have her attorney's fees paid from principal as there would have been no fees incurred if Powell were not furthering her own self interest.

Section 55-264(2) of the Code requires that attorney's fees and costs be paid from principal if "incurred in maintaining or defending any action to protect the trust or the property . . . unless due to the fault or cause of the tenant . . . ." Powell argues that she has taken her position because it was necessary to obtain the advice and guidance of the court to preserve the subchapter S tax status of the trust. Though argued, there is no evidence to support the assertion. It cannot, therefore, be considered. The court is unable to find that Powell's involvement in this dispute was for the purpose of protecting the trust. Her position was to further her own interests. Her fees, then, are not chargeable to principal.

*May Powell Receive an Equitable Adjustment to Reimburse Her for Taxes Assessed Solely to Her on Account of the Subchapter S Status of the Trust?*

Because Powell is the income beneficiary of a subchapter S trust, counsel have agreed that Powell may be responsible to pay income taxes on the entire proceeds as income, irrespective of this court's determination that the proceeds are principal.

Powell should not be placed in the untenable position of paying income taxes on monies that she is not entitled to receive. Neither the plaintiff-trustees nor the remaindermen have stated any objection to her request for the equitable adjustment that any taxes owed by Powell on account of proceeds received by the trust but which have been declared by this court to be principal shall be paid by the trustees from principal of the trust. She is entitled to the equitable adjustment.